UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

| | |
|---|---|
| NOVO NORDISK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BROOKSVILLE PHARMACEUTICALS INC., <br><br> Defendant. | **ANSWER TO FIRST AMENDED COMPLAINT** <br><br> Case No.  8:23-cv-1503- WFJ-TGW |

Brooksville Pharmaceuticals Inc. ("Brooksville" or "Defendant"), by and through its attorneys Frier Levitt, LLC, by way of its Answer to the First Amended Complaint ("FAC") of Plaintiff Novo Nordisk, Inc. ("Plaintiff"), hereby responds as follows:[1]

**In Response to the Section Entitled "NATURE OF THE ACTION"[2]**

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the FAC, except to admit only that Plaintiff is an international healthcare company that manufacturers three FDA approved products containing semaglutide.

---

[1] Defendant denies the unnumbered allegations set forth on page one of the FAC, except to admit only that Plaintiff purports to proceed as stated therein.

[2] Defendant admits the allegations set forth in sub-heading I A of the FAC.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the FAC, except to admit only that Plaintiff manufacturers three FDA approved products containing semaglutide, Wegovy, Ozempic, and Rybelsus.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the FAC, except to admit only that Plaintiff is an international healthcare company that manufacturers three FDA approved products containing semaglutide.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the FAC, except to admit only that Ozempic is an injectable medication and Rybelsus is an oral medicine. Defendant respectfully refers the Court to Plaintiff's website and the relevant product labels for their uses and indications.

5. Defendant admits the allegations set forth in paragraph 5 of the FAC and respectfully refers the Court to the product labels of the drugs for complete information.

6. Defendant admits the allegations set forth in paragraph 6 of the FAC.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the FAC,

except to admit only that Wegovy, Ozempic, and Rybelsus are FDA-approved drugs.

8.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the FAC, except to admit only that Plaintiff is the only company in the U.S. with FDA-approved products containing semaglutide and the FDA has not approved any generic drugs containing semaglutide. Defendant also admits that Plaintiff does not sell its semaglutide active pharmaceutical ingredient directly to Brooksville.[3]

9.  Defendant denies the allegations set forth in paragraph 9 of the FAC because they are self-serving snippets unrelated to Brooksville that do not reflect the entirety of the FDA's guidance.[4] However, Defendant admits that compounded drugs are not FDA-approved. Defendant respectfully refers the Court to the full contents of the cited articles.

10. Defendant denies the allegations set forth in paragraph 10 of the FAC because they are self-serving snippets unrelated to Brooksville that do not reflect the entirety of the FDA's guidance. However, Defendant admits

---

[3] Defendant denies the allegations set forth in sub-heading I B of the FAC.

[4] For example, the FDA notes that drugs can be compounded and "[c]ompounded drugs can serve an important medical need for patients." *See* FDA, *Compounding and the FDA: Questions and Answers* (last updated June 29, 2022), https://www.fda.gov/drugs/human-drug-compounding/compounding-and-fda-questions-and-answers.

that the FDA has issued the guidance cited by Plaintiff. Defendant respectfully refers the Court to the full contents of the cited article.

11. Defendant denies the allegations set forth in paragraph 11 of the FAC because they are self-serving snippets that are unrelated to Brooksville and do not reflect the entirety of the guidance. However, Defendant admits that the state Boards of Pharmacy have issued the guidance cited by Plaintiff. Defendant respectfully refers the Court to the full contents of the cited articles.[5]

12. Defendant denies the allegations set forth in paragraph 12 of the FAC because they are self-serving statements unrelated to Brooksville that do not reflect the usefulness and benefits of lawful compounding. However, Defendant denies knowledge or information sufficient to form a belief as to the facts underlying the reports and respectfully refers the Court to the full contents of the cited article.

13. Defendant denies the allegations set forth in paragraph 13 of the FAC because they are self-serving allegations unrelated to Brooksville that do not reflect the usefulness and benefits of lawful compounding. However, Defendant denies knowledge or information sufficient to form a belief as to the

---

[5] Defendant denies the allegations set forth in sub-heading I C of the FAC.

facts underlying the reports and respectfully refers the Court to the full contents of the cited articles.

    14.    Defendant denies the allegations set forth in paragraph 14 of the FAC because they are self-serving snippets unrelated to Brooksville that do not reflect the usefulness and benefits of lawful compounding. However, Defendant denies knowledge or information sufficient to form a belief as to the facts underlying the reports and respectfully refers the Court to the full contents of the cited article.

    15.    Defendant denies the allegations set forth in paragraph 15 of the FAC because they are self-serving snippets unrelated to Brooksville that do not reflect the entirety of the FDA's guidance.  However, Defendant admits that the FDA has issued the guidance cited by Plaintiff.  Defendant respectfully refers the Court to the full contents of the cited articles.[6]

    16.    Defendant denies the allegations set forth in paragraph 16 of the FAC because they are self-serving snippets unrelated to Brooksville that do not reflect the entirety of the FDA's guidance.  However, Defendant admits that the FDA has issued the guidance cited by Plaintiff.  Defendant respectfully refers the Court to the full contents of the cited articles.

---

[6] Defendant denies the allegations set forth in subheading I D of the FAC because they are unrelated to Brooksville.  However, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation generally.

17. Defendant denies the allegations set forth in paragraph 17 of the FAC because they are self-serving allegations unrelated to Brooksville that do not reflect the accuracy of adverse reporting events, including that the majority of the adverse events reported are likely from Plaintiff's products. However, Defendant denies knowledge or information sufficient to form a belief as to the facts underlying the reports and respectfully refers the Court to the full contents of the cite article.[7]

18. The allegations set forth in paragraph 18 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

19. The allegations set forth in paragraph 19 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

20. The allegations set forth in paragraph 20 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

---

[7] Defendant denies the allegations set forth in sub-heading I E of the FAC.

21. Defendant denies the allegations set forth in paragraph 21 of the FAC, except to admit only that Brooksville sells compounded semaglutide.

22. Defendant denies the allegations set forth in paragraph 22 of the FAC, except to admit only that Plaintiff brings this action and purports to proceed as stated therein.

### In Response to the Section Entitled "THE PARTIES"

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the FAC.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the FAC, except to admit only that: Plaintiff manufacturers three FDA approved products containing semaglutide, Wegovy, Ozempic, and Rybelsus; Plaintiff is the only company in the U.S. with FDA-approved products containing semaglutide; the FDA has not approved any generic drugs containing semaglutide; and Plaintiff does not sell its semaglutide active pharmaceutical ingredient directly to Brooksville.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the FAC.

26. Defendant admits the allegations set forth in paragraph 26 of the FAC.

27. Defendant denies the allegations set forth in paragraph 27 of the FAC, except to admit only that Brooksville compounds its drugs in Brooksville, Florida and sells them in Florida and other states.

**In Response to the Section Entitled "JURISDICTION AND VENUE"**

28. The allegations set forth in paragraph 28 of the FAC contain legal conclusions regarding jurisdiction and are not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies.

29. The allegations set forth in the first sentence of paragraph 29 of the FAC contain legal conclusions regarding jurisdiction and are not averments of fact to which a response is required. With respect to the remaining allegations in this paragraph, Defendant denies, except to admit only that Brooksville's principal place of business is located in Brooksville, Florida and that it compounds in that city and state.

30. The allegations set forth in paragraph 30 of the FAC contain legal conclusions regarding venue and are not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies.

**In Response to the Section Entitled "FACTUAL ALLEGATIONS"[8]**

31. Defendant denies the allegations set forth in paragraph 31 of the FAC.

32. Defendant denies the allegations set forth in paragraph 32 of the FAC.[9]

33. Defendant denies the allegations set forth in paragraph 33 of the FAC.

34. Defendant denies the allegations set forth in paragraph 34 of the FAC, except to admit only that Brooksville's label states Semaglutide Injection Solution and 2 mg/ml.

35. Defendant denies the allegations set forth in paragraph 35 of the FAC.

36. Defendant denies the allegations set forth in paragraph 36 of the FAC.

37. Defendant denies the allegations set forth in paragraph 37 of the FAC.[10]

38. Defendant admits the allegations set forth in paragraph 38 of the FAC.

---

[8] Defendant denies the allegations set forth in sub-heading IV A of the FAC.

[9] Defendant denies the allegations set forth in sub-heading IV B of the FAC.

[10] Defendant denies the allegations set forth in sub-heading IV C of the FAC.

39. Defendant denies the allegations set forth in paragraph 39 of the FAC, except to admit only that Plaintiff is the only company in the U.S. with FDA-approved products containing semaglutide.

**<u>In Response to the Section Entitled "CAUSE OF ACTION"</u>**

40. Defendant realleges and reincorporates by reference each and every response set forth in paragraphs 1-39 and responses to sub-headings as if fully set forth herein.

41. The allegations set forth in paragraph 41 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

42. The allegations set forth in paragraph 42 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

43. Defendant denies the allegations set forth in paragraph 43 of the FAC.

44. The allegations set forth in paragraph 44 of the FAC contain legal conclusions regarding venue and are not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies.

45. Defendant denies the allegations set forth in paragraph 45 of the FAC.

46. Defendant denies the allegations set forth in paragraph 46 of the FAC.

47. Defendant denies the allegations set forth in paragraph 47 of the FAC.

48. The allegations set forth in paragraph 48 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

49. The allegations set forth in paragraph 49 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

50. The allegations set forth in paragraph 50 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

51. The allegations set forth in paragraph 51 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the

extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

52. Defendant denies the allegations set forth in paragraph 52 of the FAC.

53. The allegations set forth in paragraph 53 of the FAC contain legal conclusions, not averments of fact to which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies and respectfully refers the Court to the entirety of the statute.

54. Defendant denies the allegations set forth in paragraph 54 of the FAC.

55. Defendant denies the allegations set forth in paragraph 55 of the FAC.

56. Defendant denies the allegations set forth in paragraph 56 of the FAC.

57. Defendant denies the allegations set forth in paragraph 57 of the FAC.

**In Response to the Section Entitled "CONCLUSION AND PRAYER FOR RELIEF"**

58. The allegations set forth in the WHEREFORE paragraph and its subset requests for relief (numbered 1 through 5) are not averments of fact to

which a response is required. To the extent the Court deems this paragraph an averment of fact, Defendant denies.

WHEREFORE, Brooksville demands judgment dismissing Plaintiff's FAC, together with costs and disbursements of this action, attorney's fees, and such other and further relief as this Court deems just and proper.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is impliedly preempted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff does not have a private right of action to enforce alleged misbranding and adulteration violations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot show any actual injury to a Florida consumer.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a claim for declaratory and/or injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory and/or injunctive relief because it cannot demonstrate likelihood of future injury.

## SEVENTH AFFIRMATIVE DEFENSE

Brooksville has not and is not engaging in any unfair and deceptive practice.

## EIGHTH AFFIRMATIVE DEFENSE

Brooksville has not caused any injury to any Florida consumer.

## NINTH AFFIRMATIVE DEFENSE

Brooksville has complied and continues to comply with the Food Drug and Cosmetic Act, the Florida Drug and Cosmetic Act, and the Florida Board of Pharmacy rules and laws.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's misbranding and adulteration claims are barred, in whole or in part, because Brooksville is not liable for the presence of impurities and/or the degradation of pharmaceutical ingredients that naturally occur over time and over which Brooksville has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to interpose each and every such other separate defense that its continuing investigation and discovery may reveal and require.

Dated:  February 16, 2024                              Respectfully Submitted,

By: /s/*Matthew J. Modafferi*
    Matthew J. Modafferi
    Frier & Levitt, LLC
    *Attorneys for Brooksville*
    101 Greenwich Street, Suite 8B
    New York, New York 10006
    (646) 970-2711
    mmodafferi@frierlevitt.com