**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NOVO NORDISK INC.

      Plaintiff,

    v.

BROOKSVILLE
PHARMACEUTICALS INC.,

      Defendant.

Case No. 8:23-cv-1503-WFJ-TGW
Judge William F. Jung
Magistrate Judge Thomas G. Wilson

## STIPULATED PROTECTIVE ORDER

### 1. Purpose

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than for the purpose of prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order.

This Order governs documents, the information contained therein, and other information produced or disclosed during this litigation.

### 2. Definitions

a.    "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

1

b.     "Counsel" means all members, partners and employees of a law firm of which the attorney or counsel is a member, partner or employee, Outside Counsel of Record and In-House Counsel (as well as their support staff).

c.     "Designating Party" means a Party or Non-Party that designates information or items that it produced or received in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorney's Eyes Only."

d.     "Disclose," "Disclosed," or "Disclosure" means to reveal, divulge, give, or make available Documents, Testimony, or any part thereof, or any Information contained therein.

e.     "Document" or "Documents" shall be understood to include ESI and shall be defined as described in the Federal Rule of Civil Procedure 34(a)(1)(A).

f.     "Testimony" means all depositions, declarations, or other pre-trial testimony taken or used in this Proceeding.

g.     "Information" means the content of Documents or Testimony, as well as any matter derived therefrom or based thereon.

h.     "In-House Counsel" means attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

i.     "Outside Counsel of Record" means attorneys who represent Parties in this litigation for purposes of this litigation.

j. "Party" means any party to this litigation, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record.

k. "Producing Party" means a Party or Non-Party that produced disclosures, documents, or discovery material in this action.

l. "Protected Material" means "Confidential Material" or "Highly Confidential– Attorneys' Eyes Only Material" as defined in Sections 4 and 5.

m. "Protected Health Information" ("PHI") has the same scope and definition as set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2,  and 45 C.F.R. §§ 164.506(c)(3), 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules") as well as the definitions and guidance set forth in 45 C.F.R. § 160.103 and § 164.501. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; and the provision

3

of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from PHI including payment for care provided to an individual, regardless of form or format. PHI also includes information that contains the following identifiers of a patient:

    i.  names;

    ii.  all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    iii.  all elements of dates (except year) directly related to an individual, including birth date and age;

    iv.  telephone numbers;

    v.  fax numbers;

    vi.  electronic mail addresses;

    vii.  social security numbers;

    viii.  medical record numbers;

    ix.  health plan beneficiary numbers;

    x.  account numbers;

    xi.  certificate/license numbers;

    xii.  vehicle identifiers and serial numbers, including license plate numbers;

     xiii.   device identifiers and serial numbers;

     xiv.   web universal resource locaters ("URLs");

      xv.   internet protocol ("IP") address numbers;

     xvi.   biometric identifiers, including finger and voice prints;

    xvii.   full face photographic images and any compatible images;

   xviii.   any other unique identifying number; characteristic, or code; and

    xix.   any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

n.    "Receiving Party" shall mean any Party or its counsel that receives disclosures, documents, or discovery material in this Proceeding.

**3.  Scope**

a.    This Protective Order shall govern all hard copy and electronic materials designated as Protected Material, but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries or compilations thereof; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal such material.

b.    This Protective Order is binding upon all Parties in this Proceeding, including (as applicable) their respective corporate parents, subsidiaries, and affiliates, including their successors, and their respective attorneys, principals,

representatives, directors, officers, employees, and others as set forth in this Protective Order including all signatories to Exhibit "A."

c.    If additional parties are added other than parents, subsidiaries, or affiliates of current parties to this Proceeding, their ability to receive a Document protected by this Protective Order will be subject to their being bound, by agreement and written notice to all other parties or by Court Order, to this Protective Order.

d.    Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for the purposes of this Protective Order.

e.    This Order authorizes the disclosure of information protected by HIPAA, as amended by the HITECH Act, including all applicable Privacy and Security Rules.  This Order constitutes a Qualified Protective Order under 45 C.F.R. § 164.512(e), as that term is defined in the Privacy and Security Rules.

f.    Nothing herein shall be construed as an admission or concession by any Party that designated Protected Material, or any Document or Information derived from Protected Material, constitutes material, relevant, or admissible evidence in this matter.

g.    The Definitions set forth in Paragraph 2 are included to facilitate the production of information in a manner that preserves appropriate protections for

Protected Material. Nothing in the Definitions shall be interpreted to affect the substantive rights or responsibilities of the Parties.

## 4. __Confidential Information.__

a.   Any Party may designate as Confidential any Documents or Information the Designating Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law. "Confidential Information" includes but is not limited to all documents, materials, depositions or other testimony, information revealed in a discovery response or other things, or portions thereof, and the information contained therein and otherwise revealed.

b.   Without prejudice to the rights any Party otherwise holds to seek production, object to production, or seek de-designation of any Documents or Information, Confidential Discovery Materials may include, without limitation:

i.   Non-public financial or commercially sensitive information, such as information concerning the Designating Party's assets, liabilities, business operations, performance, structure, business practices, business plans, business ventures, financial projections, or financial and business analyses;

ii.   Proprietary licensing, distribution, marketing, design, development, research, and manufacturing information regarding products and medicines, whether previously or currently marketed or under development, or any

7

information constituting intellectual property or trade secrets (not to include disseminated marketing materials or materials that, on its face, was published to the general public)

      iii.    Personnel records, including non-public compensation information about the Designating Party's employees;

      iv.    The Designating Party's customer names and non-public information concerning the Designating Party's contractual relationships;

      v.    Private medical information that identifies a person (unless such identifying information is redacted), or any other information that is subject by law to a legally protected right of privacy or confidentiality;

      vi.    Information that the Designating Party is under a preexisting obligation to a third-party to treat as confidential;

      vii.    Information that the Designating Party has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party; and

      viii.    Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure.

      c.    All material, data, and information excerpted from Confidential Information are protected to the same extent as the underlying Confidential

Information, provided that the same are not publicly available or otherwise subject to the exclusions herein.

5. **Highly Confidential – Attorneys' Eyes Only Information.**

a.      Any Party may designate as "Highly Confidential – Attorneys' Eyes Only Information" any Documents or Information the Designating Party believes in good faith contain highly sensitive information, the disclosure of which could result in significant competitive or commercial disadvantage to the Designating Party.

b.      Without prejudice to the rights any Party otherwise holds to seek production, object to production, or seek de-designation of any Documents or Information, Highly Confidential – Attorneys' Eyes Only information may include, without limitation, highly sensitive documents detailing trade secrets, research and development, projections related to FDA regulatory approvals, future business plans, financial analyses and projections, P&L statements, pricing, revenue, cost, contractual relationships with third parties, product design and manufacturing, and/or the identification of customers and suppliers.

6. **Designations of Protected Material.**

a.      <u>Designation of Documents.</u>   A Designating Party may designate Documents as Confidential or Highly Confidential – Attorneys' Eyes Only by placing a stamp or marking on the Documents "Confidential" or "Highly

Confidential – Attorneys' Eyes Only." Such markings shall not obscure, alter, or interfere with the legibility of the original document.

      i.     All copies, duplicates, extracts, excerpts (hereinafter referred to collectively as "copies") of Protected Material shall be marked with the same confidential stamp or marking as contained on the original, unless the original confidential stamp or marking already appears on the copies.

      ii.     The Designating Party must designate the Documents at the time of the production if it is the Producing Party, or within 15 days of the date the Designating Party receives the production if it is the Receiving Party. A Designating Party who discovers that a Document was inadvertently produced without the correct confidentiality designation must designate such Documents within 15 days of discovering the inadvertent production.

      b.     <u>Designation of Deposition Transcripts.</u> During depositions, Protected Material may be used or marked as exhibits, but shall remain subject to this Order and may not be shown or otherwise disclosed to the witness unless such witness is a Qualified Person as described below, or upon agreement by the Designating Party, or by Court order.

      i.     If deposition Testimony or exhibits contain or refer to Protected Material, or if they contain or refer to Documents, Testimony, or Information

intended in good faith to be designated as Protected Material, the Designating Party, by and through counsel, shall either:

    a.    On the record at the deposition, designate the Testimony or exhibit(s) as Protected Material, or

    b.    No later than thirty (30) days after receiving a copy of the deposition transcript, inform the deposing counsel and counsel for other Parties that the Testimony or exhibit(s) constitute Protected Material; during the thirty-day period, the entire deposition testimony, transcript, and exhibits shall be treated as Protected Material under this Order.

    ii.    When a Party designates testimony as Protected Material during the deposition, counsel for that Party may exclude from the deposition all persons who are not Qualified Persons under this Order.

    iii.    When portions of a deposition transcript or its exhibits are designated for protection, each page of the transcript or exhibit page containing the Confidential Information shall be marked by the Court Reporter with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

    c.    <u>Written Pleadings, Motion Papers, and Discovery Materials</u>.  A Party may designate as Protected Material portions of interrogatories and interrogatory answers, responses to requests for admission and the requests themselves, requests

for production of documents and things and responses to such requests, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Protected Material. To the extent feasible, such Protected Material shall be prepared in such a manner that it is bound separately from material not entitled to protection. The designation must occur at the time of service or filing, whichever occurs first.

d.   <u>Designation of Other Protected Material</u>.  With respect to Protected Material produced in some form other than as described above, including, without limitation, compact discs or DVDs or other tangible items, the Designating Party must affix in a prominent place on the exterior of the object, filename, container or containers, or electronic file folder in which the Information or item is stored the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the portions that constitute Protected Material.

e.   With respect to Documents or Information produced or disclosed by a non-party, a Receiving Party may designate the Documents or Information as Protected Material pursuant to this Order.  A Party so designating material produced by a non-party shall notify all other Parties within fourteen (14) days of receipt of such Document or Information that the same or portions thereof constitute or contain Protected Material.

7.  **<u>Required Treatment of Protected Material</u>.**

a.      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in this Action only for prosecuting, defending, or attempting to settle this Action, including any appeal(s), so long as such use is permitted herein, and for no other purpose.  Any Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order unless the Court orders otherwise.

b.      Except as specifically provided in this Order, the Parties and their counsel shall keep all Protected Material disclosed or produced to them within their exclusive possession and control, shall take all necessary and prudent measures to maintain the confidentiality of such materials and information, and shall not permit unauthorized dissemination of such materials to anyone.

c.      Nothing in this Order shall preclude a Party from introducing into evidence at an evidentiary hearing any Protected Material that is admissible under applicable law.  The Parties shall meet and confer regarding the procedures for use of Protected Material at any evidentiary hearing and, unless otherwise agreed, shall move the Court for entry of an appropriate order.

d.      To the extent any Party anticipates a dispute about the use of Protected Material at trial, the Parties shall meet and confer in good faith within the time allotted for filing objections to the other Parties' exhibit lists, unless another time

period is agreed upon and ordered by the Court, regarding that dispute, including the need and procedures for sealing exhibits and the need, if any, for limiting access to trial testimony and sealing portions of transcripts.

e.      Access to and disclosure of Protected Material shall be limited to those persons designated as Qualified Persons, below.

f.      Protected Material shall not be used for any business, competitive, or any purpose other than preparing for or litigating this Proceeding without the express written consent of counsel for the Designating Party or by order of the Court.

i.      Nothing in this Protective Order shall limit any Designating Party's use of its own documents or shall prevent any Designating Party from disclosing its own Protected Material to any person for any purpose.  Any Party may move to de-designate other confidential documents that are responsive, or contextual to documents marked confidential that have been made public by the Designating Party.

ii.      Disclosures described in the above sub-paragraphs shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the designated Information, Testimony, and/or Document.

14

g.    To avoid security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, and unless otherwise ordered or agreed upon in writing by the Designating Party whose Protected Material is at issue, all Qualified Persons with access to Protected Material shall comply with the following:

i.    Undertaking reasonable and necessary efforts to secure the confidentiality of Protected Material by implementing industry standard best practices for data security.  By way of example, such efforts include:

(a) Transmitting Protected Material through secure means.

(b) Storing Protected Material in secure locations that apply standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Protected Material under this Order or with a reputable service provider that takes reasonable and necessary steps to ensure that the storage is secure, including use of a secure hosting facility that uses encrypted web-enabled software that allows for secure and protected sharing and collaboration and may not be accessed by individuals who are not authorized to review Protected Material.

(c) No Protected Material, including excerpts from Protected Material, may be inputted into any public internet search engine or into any public, non-compartmentalized generative artificial intelligence system (e.g. ChatGPT, Google Bard, etc.).

ii.      If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within three business days of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

iii.      Notwithstanding the foregoing provisions, Qualified Persons, as defined in the following Section, shall not be prohibited from transmitting Protected Material to any other Qualified person through electronic mail, as attachments to an electronic mail in the form of separate PDF files or zip files, through secure tools provided by a reputable service provider as described herein, or via FTP file transfer,

provided that Qualified Persons undertake reasonable and necessary efforts to secure the confidentiality of Protected Material.

## 8.  **Qualified Persons with Respect to Protected Material.**

Protected Material may be disclosed only to the following persons (referred to as "Qualified Persons" throughout this Order):

a.     Disclosure of "Confidential" Information or Items.

i.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) notwithstanding Section 8 of this order, the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) outside experts and consultants in the fields of compounding, immunology, immunogenicity, safety and effectiveness of

polypeptide products, polypeptide and polypeptide product manufacturing and quality, polypeptide and polypeptide product testing, marketing, development, and/or approval of pharmaceutical products and their staff retained to assist the parties in the conduct of these actions, subject to the provisions of Section 7 and so long as such person has signed an Exhibit A;

(d) outside experts and consultants in any other field (e.g., economic experts and trial consultants) and their staff retained to assist the parties in the conduct of these actions who have signed an Exhibit A);

(e) the Court and its personnel;

(f) persons or entities that provide litigation support services retained by a Party or a Party's outside counsel including but not limited to court reporters and their staff, professional jury or trial consultants, and vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for this litigation;

(g) during their depositions or trial testimony (subject to the trial provision set forth in Paragraph 7(d)), witnesses in the Action

to whom disclosure is reasonably necessary, provided that the deponent or witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) the author or recipient of a document containing the information; and

(i) any other person as to whom the Parties agree in writing.

ii.      Any current employee of a Designating Party may be examined at trial or upon deposition concerning any information designated "Confidential" by such Party.

iii.      The Parties shall meet and confer regarding the disclosure of Protected Material to any deponent or witness who does not fall within subsections 8(a)(i) through 8(a)(ii) above.

b.      <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>.

i.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) outside experts and consultants of in the fields of compounding, immunology, immunogenicity, safety and effectiveness of polypeptide products, polypeptide product manufacturing and quality, polypeptide and polypeptide testing, marketing, development, and/or approval of pharmaceutical products and their staff retained to assist the parties in the conduct of these actions, subject to the provisions of Section 7 and so long as such person has executed Exhibit A;

(d) outside experts and consultants in any other field (e.g., economic experts and trial consultants) and their staff retained

to assist the parties in the conduct of these actions (who have signed Exhibit A);

(e) the Court and its personnel;

(f) persons or entities that provide litigation support services retained by a Party or a Party's outside counsel including but not limited to court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for this litigation; and

(g) during their depositions or trial testimony (subject to the trial provision set forth in Paragraph 7(d)), witnesses in the Action reasonably believed to have authored or received a copy of a document containing the information and to whom disclosure is reasonably necessary for the purposes of the litigation provided that the deponent or witness signs Exhibit A; and

(h) any other person as to whom the Parties agree in writing.

ii.     Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

iii.     Any current employee of a Designating Party may be examined at trial or upon deposition concerning any information designated "Highly Confidential – Attorneys' Eyes Only" by such Party.

### 9.  <u>**Non-Disclosure to Competitors.**</u>

In this Order, a "Competitor" shall mean any manufacturer or seller of any product intended to treat the same conditions or indications as the products in this matter (a "Competing Product"). Except as permitted in Paragraph 8(a)(i)(g), without express written consent or court order, in no event shall any disclosure of Protected Material be made to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of a Competitor, or a previous employee of a Competitor within a full year prior to the filing of the initial complaint in this Proceeding.

Further, no expert or consultant engaged by a Receiving Party for purposes of advising on or litigating this Proceeding, to whom a Party's Protected Material is disclosed by that Receiving Party, may disclose such Protected Material to a Competitor of that Party.

Any expert or consultant engaged by a Receiving Party for purposes of advising on or litigating this Proceeding, to whom Protected Material is disclosed by that Receiving Party, shall—in addition to signing Exhibit A—further confirm in writing that they understand and acknowledge that they are such an expert or

consultant for purposes of this paragraph, which shall be provided to the Producing Party upon request.

**10. Challenges to Designations.**

a.      **Burden.** The Designating Party bears the burden of establishing confidentiality.

b.      **Waiver.** Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of Documents, Testimony, or Information as Protected Material.

c.      **Challenges.** If a Party contends that any Document, Testimony, or Information has been erroneously or improperly designated as Protected Material, or has been improperly redacted, the material at issue shall be treated as Protected Material under the terms of this Order until:

i.      The Parties reach a written agreement, or

ii.      This Court issues an order determining that the material is not confidential and shall not be given confidential treatment.

In the event that counsel for a Party receiving Protected Material in discovery objects to such designation, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Protected Material (identified by Bates number, if possible) to which each objection pertains, and the reasons and support for such objections (the "Designation Objections").

      d.    **Meet and Confer.**  Upon receipt of written Designation Objections, Counsel for the Designating Party shall have fifteen (15) business days to meet and confer in good faith and respond in writing as to whether the designations will be maintained or withdrawn.  During that period of fifteen business days, the Receiving Party that issued those Designation Objections may not issue any additional Designation Objections to the same Designating Party.

      e.    **Judicial Intervention.** If the Parties are unable to resolve the dispute regarding the Designation Objections, the Party challenging the designation may file a motion with the Court seeking an order to de-designate (*i.e.*, to rule to be not confidential) the Protected Material subject to the Designation Objection (the "Designation Motion").

**11. Subpoena by Other Courts or by Agencies**

      a.    If another court or an administrative agency requests, subpoenas, or orders the disclosure of Protected Material from a Party that has obtained such material under the terms of this Order, the Party so requested, subpoenaed, or ordered shall notify the Designating Party by electronic mail transmission, express mail, or overnight delivery to counsel of record for the Designating Party not later than ten (10) days prior to producing or disclosing any Protected Material, and shall furnish such counsel with a copy of the requests, subpoena, or order.  The recipient of the

Subpoena shall not disclose any Protected Material pursuant to the Subpoena prior to the date specified for production of the Subpoena.

b.      Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena, or order, otherwise oppose the disclosure of the Protected Material, or seek to obtain confidential treatment of such Protected Material, to the fullest extent available under law, by the person or entity issuing the request, subpoena, or order.

12. **Disposition of Protected Material.**

a.      Within ninety (90) calendar days after the final disposition of this Action (including without limitation any appeals and after the time for filing all appellate proceedings has passed), each Receiving Party, including its employees, attorneys, consultants, and experts, must use good faith efforts to destroy all Protected Material or otherwise shall comply with an applicable order of the Court, subject to the exception described herein.

b.      The destruction of Protected Material under this paragraph shall include, without limitation, originals, copies, duplicates, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

c.      Upon request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity,

to the Designating Party) by the 90-day deadline that (1) states that good faith efforts have been made to assure that all Protected Material has been destroyed, and (2) affirms that the Receiving Party has not retained any originals, copies, duplicates, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

d.     As an exception to the above requirements, and unless otherwise ordered by the Court, counsel may retain: (a) copies of pleadings or other papers that have filed with the Court and that are Protected Material or that reflect, reference, or contain Protected Material; (b) their work product; and (c) transcripts and exhibits thereto.  The terms and provisions of this Order shall continue to apply to any such materials retained by counsel.

## 13. Order Survives Termination of Action.

After the termination of this Action by entry of a final judgment or order of dismissal, the provision of this Order shall continue to be binding. This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys. The Parties agree that the terms of this Order shall be interpreted and enforced by this Court.

## 14. Production or Disclosure of Confidential Material.

a.     Disclosure, without the required confidentiality designation, of any Document, Testimony, or Information that constitutes Protected Material shall not

be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to specific documents and information disclosed or as to the same or related subject matter. In the event that a Designating Party makes such a production, that Party shall promptly inform the receiving Party or Parties in writing of the production and the specific material at issue and promptly reproduce the Protected Material with the required legend.

b.      Upon receipt of such notice, the Receiving Party or Parties shall treat the material identified in the notice as Protected Material; within ten (10) business days of receiving notice of the disclosed Protected Material the Receiving Party shall destroy all copies of such Protected Material and instruct any parties to whom it has disclosed Protected Material to destroy all copies of such Protected Material.

## 15. Modification of Order.

This Protective Order may be modified or amended either by written agreement of the Parties submitted to the Court for approval or by order of the Court upon good cause shown.

## 16. Court Intervention

The Court retains the right to allow, *sua sponte* or upon written motion, disclosure of any subject covered by this Joint Stipulated Order to modify this Joint Stipulated Order at any time in the interests of justice.

**DONE** and **ORDERED** on this 21st day of March, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NOVO NORDISK INC.

        Plaintiff,

    v.

BROOKSVILLE
PHARMACEUTICALS INC.,

        Defendant.

Case No. 8:23-cv-1503-WFJ-TGW
Judge William F. Jung
Magistrate Judge Thomas G. Wilson

## EXHIBIT A

**ENDORSEMENT OF PROTECTIVE ORDER**

I, _____, hereby attest to my understanding that information or documents designated as Protected Material are provided to me subject to the Protective Order dated _____, 2024 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and, that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a pre-requisite to my review of any information or documents designated as Protected Material pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Protected Material, in any form whatsoever, and that such Protected Material may be used only for the purposes authorized by the Order.

I further agree to return all copies of any Protected Material or any document or thing containing Protected Material I have received to counsel who provided them to me, or to destroy such materials, upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Protected Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the Middle District of Florida for the purposes of any proceedings relating to enforcement of this Order.  I further agree to be bound by and to comply with the terms of the order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.


Date: _____


By: _____