UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NOVO NORDISK, INC.,**

    Plaintiff,

v.                                                  Case No. 8:23-cv-1503-WFJ-TGW

**BROOKSVILLE**
**PHARMACEUTICALS INC.,**

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Novo Nordisk, Inc.'s ("Novo Nordisk" or "Plaintiff") Motion to Alter or Amend the Judgment under Rule 59(e). Dkt. 192. Defendant Brooksville Pharmaceuticals, Inc.'s ("Brooksville" or "Defendant") has responded in opposition, Dkt. 198, and Novo Nordisk has replied. Dkt. 199. This Court previously granted Brooksville's Motion for Summary Judgment on May 12, 2025. Dkt. 187. Upon careful consideration, the Court grants in part Novo Nordisk's Motion to Alter or Amend the Judgment.

## BACKGROUND

On May 12, 2025, the Court granted Defendant Brooksville's Motion for Summary Judgment (the "MSJ Order"). *See* Dkt. 187. In the MSJ Order, the Court found Novo Nordisk's Florida Deceptive and Unfair Trade Practices Act

("FDUTPA") claim to be moot. *Id.* at 25. However, the Court made clear that even if the case was not moot—*in the alternative*—Novo Nordisk's state law claim is also impliedly preempted and fails on the merits for lack of consumer injury. *Id.* at 26–42. ("Even if Plaintiff's FDUTPA claim were not moot . . . even if Plaintiff's FDUTPA claim was not moot or impliedly preempted . . ."). The Court then "GRANTED" "Brooksville's Motion for Summary Judgment" and "DIRECTED" the Clerk "to enter judgment in favor of" Brooksville. *Id.* at 43. The Clerk subsequently entered a judgment "in favor of Defendant Brooksville" and closed the case on May 13, 2025. Dkt. 188 at 1.

On June 9, 2025, Novo Nordisk filed the instant motion, arguing that the Court's "procedural course" to "enter summary judgment for Defendant Brooksville . . . was incorrect as a matter of law. After determining that it lacked Article III jurisdiction over this matter, the Court was 'barred from reaching the merits' of the parties' claims because any such opinion was 'purely advisory.'" Dkt. 192 at 1. (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1340–41 (11th Cir. 2001)).

In response, Brooksville contends that "[b]ecause the jurisdictional issues are 'inextricably intertwined' with the merits, under Eleventh Circuit law[,] the Court is permitted to decide [] both the jurisdictional and merits issues under a summary judgment standard. The Court did not commit any error, much less 'manifest error,' by granting summary judgment in favor of Brooksville." Dkt. 198 at 2.

2

**LEGAL STANDARD**

"The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citations omitted and alterations accepted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting *King*, 500 F.3d at 1343). As such, proper reasons for reconsideration include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Caldwell v. Dodge Chrysler Grp.*, No. 8:18-CV-2525-T-35SPF, 2019 WL 13215059, at *1 (M.D. Fla. Nov. 12, 2019) (citation omitted).

A decision on a motion for reconsideration is within the district court's discretion. *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). A district court may be found to have abused its discretion only if it "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *See Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1075 (11th Cir. 2014) (internal quotations and citation omitted). "A court's reconsideration of a prior order is an extraordinary remedy that should be used sparingly." *Palmer v. Comm'r of Soc. Sec.*, No. 8:24-CV-168-KKM-AAS, 2025 WL 858128, at *1 (M.D. Fla. Mar. 19, 2025).

## DISCUSSION

Based on the review of the filings, the Court grants Novo Nordisk's Rule 59(e) motion. As discussed below, the Court alters the judgment to dismiss Novo Nordisk's Amended Complaint without prejudice for lack of subject matter jurisdiction.[1] As such, the Court's sections on implied preemption and FDUTPA (Dkt. 187 at 26–42) in the MSJ Order are to be considered *dicta* and alternative grounds for finding in favor of Defendant Brooksville in the event of an appeal to the Eleventh Circuit.

Article III standing requires a plaintiff to demonstrate that: (1) they suffered an "injury-in-fact," (2) there is a causal connection between the asserted injury-in-fact and the challenged action of the defendant, and (3) "the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citation omitted). However, Article III, § 2 of the Constitution limits a federal court's jurisdiction to "Cases" or "Controversies." U.S. Const. art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)). Thus, "Article III requires a

---

[1] Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

"[c]ase[ ]" or "[c]ontrovers[y]" to exist at all times during the litigation. *Alvarez v. Smith*, 558 U.S. 87, 90–91 (2009). "A moot case is nonjusticiable[,] and Article III courts lack jurisdiction to entertain it." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1281 (11th Cir. 2004).

"If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336 (citation omitted). "Indeed, dismissal is required because mootness is jurisdictional." *Id.* (citing *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1227 n. 14 (11th Cir. 2000)). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* (citing *Hall v. Beals*, 396 U.S. 45, 48 (1969)).

Here, the Court agrees that the judgment should be altered to dismiss Novo Nordisk's FDUTPA claim as moot. As the Eleventh Circuit teaches, "a court cannot rule on the merits of a case after finding that the plaintiff lacks standing." *Sierra v. City of Hallandale Beach, Fla.*, 996 F.3d 1110, 1115 (11th Cir. 2021) (citing *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1189 (11th Cir. 2003)). Indeed, "a grant of summary judgment is a decision on the merits . . . [but] a court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

5

Therefore, the Court's alternative grounds for finding in favor of Brooksville based on implied preemption and lack of actual consumer injury should be treated as *dicta*. *See Sierra*, 996 F.3d at 1115 ("After the district court found that Sierra did not have standing to sue, it alternatively stated that 'even if Sierra had standing,' Hallandale Beach would prevail because 'the record evidence does not establish intentional discrimination.' Our precedent is clear that a court cannot rule on the merits of a case after finding that the plaintiff lacks standing . . . . Therefore, the district court's statement about intentional discrimination was merely dicta—not a ruling on the merits." (citations omitted and alterations accepted)).

Brooksville, however, argues that the Court was permitted to consider the merits of the FDUTPA claim since the merits were "inextricably intertwined" with mootness, such that the Court was obligated to address the merits as part of the mootness analysis. Dkt. 198 at 4–7. The Court disagrees. First, Brooksville seems to confuse the scope of Novo Nordisk's Rule 59(e) motion. As Novo Nordisk makes clear, it is not challenging the Court's analysis on impermissible "obey-the-law" injunctions or the Florida Drug and Cosmetic Act's (the "Florida DCA") private enforcement bar. *See* Dkt. 199 at 3 ("Because those issues were jurisdictional in nature, they were not within the scope of Novo's motion. The motion sought to vacate only two portions of the Court's opinion: the sections addressing 'the preemption and consumer harm issues.'"). As such, while Brooksville is correct that

6

the "obey-the-law" injunctions and Florida DCA private enforcement bar were intertwined with the Court's mootness analysis, it is irrelevant as to whether the Court should amend or alter its grant of summary judgment on the two merits issues—i.e., implied preemption and actual consumer harm.

Second, to the extent that Brooksville argues implied preemption and actual consumer harm are "inextricably intertwined" with the mootness section, the mootness section in the MSJ Order clearly did not mention the two merits issues that are the subject of Novo Nordisk's Rule 59(e) motion. *See* Dkt. 187 at 14–26 (only discussing mootness). As Novo Nordisk correctly points out, the Court's analysis regarding the "obey-the-law" injunctions and the Florida DCA's private enforcement bar did not "flow[] from the Court's [implied] preemption analysis." *See* Dkt. 199 at 3 (citing Dkt. 198 at 3). Instead, the Court's mootness discussion was entirely separate and done *before* the Court's analysis on implied preemption and the lack of consumer injury. *See* Dkt. 187 at 26–42. While the Court may have briefly referred to the Florida DCA's private enforcement bar in the implied preemption section, *see id.* at 34, the mootness analysis certainly did not "flow" from the subsequent implied preemption analysis.[2]

---

[2] Indeed, the crux of the Court's implied preemption analysis was that Novo Nordisk "alleged [a] violation under the Florida DCA for selling adulterated and misbranded drugs [which] is actually a violation of a duty owed to the FDA under the FDCA," and not cause of action based on an "independent duty under state tort law." Dkt. 187 at 36. The implied preemption analysis did not hinge on the Florida DCA's private enforcement bar.

7

Finally, Brooksville admits that "the Eleventh Circuit has typically applied this 'intertwinedness' doctrine in cases involving federal statutory claims where a prerequisite for jurisdiction and the elements of the statutory claim overlap." Dkt. 198 at 5. This case did not involve a federal statutory cause of action with elements that are "intertwined" with statutory standing.[3] A review of the MSJ Order plainly shows that the implied preemption and FDUTPA actual consumer harm sections have little overlap with the mootness section. *Compare* Dkt. 187 at 12–26 (addressing mootness and redressability issues) *with id.* at 26–42 (addressing implied preemption and FDUTPA elements). Put differently, the redressability element (under Article III standing) is unrelated to whether the Federal Food, Drug, and Cosmetic Act impliedly preempts Plaintiff's state law claim and whether Novo Nordisk has demonstrated actual consumer harm under FDUTPA.

The Court will exercise its discretion in the instant case to amend the judgment in the manner requested by Novo Nordisk. The Rule 59(e) motion does not seek to relitigate old matters, raise new issues, or present evidence that could have been proffered earlier in the proceedings. The Court finds that altering the judgment to a

---

[3] Statutory standing is distinct from Article III standing. *See United States v. Sanchez*, No. 22-11923, 2023 WL 5844958, at *4 (11th Cir. Sept. 11, 2023). Indeed, "[s]tatutory standing is not really about standing at all, in the sense that it limits a 'court's statutory or constitutional power to adjudicate the case.'" *United States v. Emor*, 785 F.3d 671, 677 (D.C. Cir. 2015) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)); *see also Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303, 1313 (11th Cir. 2024) (Marcus, J., concurring) (explaining the difference between subject-matter jurisdiction and statutory standing following *Lexmark*). Rather, "statutory standing is nothing more than an inquiry into whether the statute at issue conferred a 'cause of action' encompassing 'a particular plaintiff's claim.'" *Emor*, 785 F.3d at 677 (citation omitted). In other words, "statutory standing 'is itself a merits issue.'" *Id.* (quoting *United States v. Oregon*, 671 F.3d 484, 490 n.6 (4th Cir. 2012)).

8

dismissal without prejudice is warranted based on the Court's previous finding that the case is moot. Dkt. 187 at 21. The MSJ Order's (merits) discussion on implied preemption and actual consumer harm under FDUTPA, *see* Dkt. 187 at 26–42, is to be considered *dicta* and alternative grounds for finding in favor of Defendant Brooksville in the event of an appeal to the Eleventh Circuit.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiff Novo Nordisk's Motion to Amend or Alter the Judgment, Dkt. 192, is **GRANTED in part**.

2. The narrow portions of the Court's May 12, 2025, MSJ Order granting Defendant Brooksville's Motion for Summary Judgment (Dkt. 187 at 43) and directing judgment in favor of Brooksville (Dkt. 187 at 43) are hereby **VACATED**.

3. The Clerk's May 13, 2025, judgment, Dkt. 188, is hereby **VACATED**. The Clerk is **DIRECTED** to enter an amended judgment to reflect the following:

    a. "The Court finds Defendant Brooksville's Motion for Summary Judgment, S-Dkt. 118-2, is **MOOT**.

      b. Plaintiff Novo Nordisk's Amended Complaint, Dkt. 40, is **DISMISSED without prejudice** for lack of subject matter jurisdiction."

**DONE AND ORDERED** in Tampa, Florida, on June 30, 2025.

                                    */s/ William F. Jung*
                                    **WILLIAM F. JUNG**
                                    **UNITED STATES DISTRICT JUDGE**