UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOVO NORDISK, INC.,

                Plaintiff,

v.

BROOKSVILLE PHARMACEUTICALS INC.,

                Defendant.

Case No. 8:23-cv-1503-WFJ-TGW

**BROOKSVILLE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTITLEMENT TO FEES AND COSTS**

## **PRELIMINARY STATEMENT**

Throughout this litigation, the parties offered two ***fundamentally incompatible*** views as to the laws that govern drug compounding and who can enforce them. Brooksville argued that compounding semaglutide is expressly permitted by Section 503A of the FDCA and especially during a nationwide FDA drug shortage (*see*, *e.g.*, ECF No. 19-1 August 15, 2023 Myers Declaration), and the FDA and the Florida DBPR have sole authority to enforce the misbranding and adulteration provisions of the FDCA and the Florida DCA. Novo, on the other hand, took the position that Section 503A and the FDA shortage are *irrelevant* to any issues in the case. *See* ECF No. 134 at 3-4 ("nor has Novo ever suggested that its standing is based on Brooksville's ability to compound 'essentially [a] cop[y]' of Novo's semaglutide medicines during shortage"); ECF No. 128 at 1 ("the statutory legal requirements of 503A are wholly irrelevant to whether Brooksville's compounded semaglutide is adulterated and misbranded"); ECF No. 168-2 (Statement of Disputed Facts) at ¶ 13 ("Whether Ozempic® and Wegovy® are on the shortage list is not material […]). Brooksville argued that Novo's boundless interpretation of FDUTPA is untenable and barred by the FDCA and Florida DCA's prohibition on private enforcement. *See* ECF No. 118-2 (SJ Mot.) at 10-13.

The Court's summary judgment order makes abundantly clear which party's interpretation of the law the Court accepted as controlling. *See* ECF No. 187 at 14-26. The Court agreed that "Brooksville was legally permitted to compound semaglutide

1

while Ozempic and Wegovy were on the FDA's drug shortage list" (*Id.* at 19) and a FDUTPA claim seeking to privately enforce the adulteration and misbranding provisions of the FDCA and Florida DCA against compounders is improper. *See id.* at 25 ("The Court declines Novo Nordisk's request to improperly use FDUTPA's injunctive relief remedy to circumvent the Florida DCA's private enforcement bar.").

The Court's summary judgment Order makes clear that Novo's FDUPTA claim was *impossible* from the inception of the case. The Court held that the injunction requested by Novo—to enjoin Brooksville from compounding adulterated and misbranded drugs—is an "impermissible 'obey-the-law' injunction, ECF No. 187 at 23, and moreover, runs afoul of the Florida DCA's private enforcement bar, *id*. at 24-26. These legal defects were present from day one of this litigation and Brooksville alerted Novo and Court to the latter issue almost immediately after the suit was filed. *See* ECF No. 19-1. Indeed, the very purpose of FDUTPA's fee-shifting provision is to deter lawsuits like this one and to protect parties from having to litigate against claims with a zero chance of success. *DJ Lincoln Enterprises, Inc. v. Google, LLC*, No. 20-CV-14159, 2022 U.S. Dist. LEXIS 134363, 2022 WL 4287640, at *5 (S.D. Fla. July 28, 2022) (report and recommendation adopted) ("one purpose of FDUTPA's fee shifting provision is to deter meritless lawsuits").

Florida law makes clear that even where a case is dismissed for lack of jurisdiction or on grounds of mootness and not on the merits, the defendant can be the "prevailing party." But here, the Court went on to rule in the alternative that Novo's FDUTPA claim is preempted and fails for lack of consumer injury. The findings did

2

not occur in a vacuum nor did they disappear after the Court's Order on Novo's Rule 59(e) motion. *See* ECF No. 200 at 4 (alternative rulings are dicta and remain as alternative grounds for finding in favor of Brooksville in the event of an appeal).

In light of the Court's across-the-board findings in favor of Brooksville on virtually all issues presented before it, the Court should find Brooksville is the "prevailing party" and grant Brooksville's Motion for Entitlement to Fees.

## RELEVANT STATUTE

"In any civil litigation resulting from an act or practice involving a violation of this part […], the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1).

## ARGUMENT

### I. Brooksville is a "Prevailing Party" Under Florida Law[1]

Under Florida law, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enters.*, 604 So. 2d 807, 810 (Fla. 1992). Florida courts "look to the substance of litigation outcomes—not just procedural maneuvers—in determining the issue of which party has prevailed in an action." *Catamaran B.Y., Inc. v. Giordano*, 337 So. 3d 439, 441 (Fla. Dist. Ct. App. 2022).

---

[1] Because Brooksville invokes FDUTPA's fee shifting provision and the claim was brought under diversity jurisdiction, the Court "appl[ies] the substantive law of Florida, the forum state." *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002).

3

However, "[a] determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party," *Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990), and the general rule in Florida is that a defendant is the prevailing party even where the dismissal is **without prejudice**, see *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 965 (11th Cir. 2023) (collecting case law); *Valcarcel v. Chase Bank USA NA*, 54 So. 3d 989, 991 (Fla. Dist. Ct. App. 2010) ("Although the dismissal order was not an adjudication on the merits, the Valcarcels can nonetheless be considered the prevailing party."); *Henn v. Ultrasmith Racing, Ltd. Liab. Co.*, 67 So. 3d 444, 445-46 (Fla. Dist. Ct. App. 2011) (awarding attorney's fees to defendant as the prevailing party after plaintiff voluntarily dismissed the case and the dismissal was without prejudice and not on the merits), or where the dismissal is for lack of jurisdiction, *see Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163, 1164 (Fla. Dist. Ct. App. 2011) (defendant was prevailing party where case was dismissed without prejudice for lack of standing).

Under the above case law, Brooksville is plainly the "prevailing party" because (1) Brooksville obtained a dismissal against Novo on the ground of mootness; (2) the Court found in favor of Brooksville as to numerous issues that underpinned its mootness ruling; (3) the Court found Novo's requested relief was not redressable and impossible from the inception of the case; and (4) the Court in the alternative reached the merits and found that Brooksville prevailed on summary judgment because of implied preemption and the lack of a consumer injury. Brooksville prevailed on almost every "significant issue" raised at summary judgment, including whether the end of

4

the semaglutide shortage moots the case; whether the requested relief is an impermissible "obey-the-law" injunction; whether the FDUTPA claim violates the Florida DCA's private enforcement bar, and the "alternative" merits grounds of preemption and lack of consumer injury. In addition, the Court *rejected* Novo's positions including, among other things, that it can privately enforce the Florida DCA and maintain its overbroad FDUTPA claim after the end of the semaglutide shortage and without regard to the 503A framework. In light of these "significant issues in the litigation" decided in favor of Brooksville and against Novo, Brooksville "should be considered the prevailing party for attorney's fees." *Moritz*, 604 So. 2d at 810.

In fact, even where there is an intervening dismissal for reasons unrelated to the merits (such as a voluntary dismissal), Florida courts award defendants attorney's fees as the prevailing party where the defendant shows that ***it would have prevailed on the merits*** had the case not been dismissed. For example, in *Englander v. St. Francis Hospital, Inc.*, the Florida appellate court explained that the defendant hospital "could be deemed a prevailing party and entitled to attorneys' fees, if it showed that, had not the voluntary dismissal intervened, the case would have concluded with the entry of summary judgment in its favor." *Id*. at 424; *see also 2002 Irrevocable Tr. ex rel. Hvizdak v. Shenzhen Dev. Bank, Co.,* No. 2:08-cv-556-FtM-36DNF, 2011 U.S. Dist. LEXIS 104554, at *11 (M.D. Fla. Sep. 15, 2011) (applying Florida law).[2] Here, the facts are

---

[2] In *Shenzhen*, after the Court granted summary judgment in favor of the defendant, the plaintiff filed a first appeal which was voluntarily dismissed due to a procedural error. *Id*. at *3. The plaintiff later re-filed the appeal, and the Eleventh Circuit affirmed the summary judgment order. *Id*. at 3 n.1, 11-12. At issue was defendant's motion for fees as the "prevailing

even stronger than in *Englander* and *Shenzen*: the Court actually reached the merits (albeit in dicta) and reasoned that Brooksville would have prevailed on other grounds in the event the case were not mooted by the end of the semaglutide shortage.

Nevertheless, in Novo's Reply in support of its Rule 59(e) Motion to Alter or Amend the Judgment, Novo cites three cases in which the attorneys' fees were denied to plaintiff after the case was dismissed as moot. *See* ECF No. 199 at 7. These cases are inapposite because they all involve *federal* causes of action and do not apply Florida law. *See Dionne v. Floormasters Enters.,* 667 F.3d 1199 (11th Cir. 2012) (FLSA); *Hoewischer v. Pantry, Inc.*, No. 3:12-cv-2-J-34TEM, 2013 U.S. Dist. LEXIS 81827 (M.D. Fla. May 9, 2013), *report and recommendation adopted,* 2013 U.S. Dist. LEXIS 81101, at *2 (M.D. Fla. June 10, 2013) (ADA); *Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-cv-2342-T-30EAJ, 2012 U.S. Dist. LEXIS 140111 (M.D. Fla. Sep. 28, 2012) (ADA).

In contrast, in *State v. Hall*, 409 So. 2d 193, 195 (Fla. Dist. Ct. App. 1982), the Florida appellate court held that a career service employee was entitled to attorney's fees even when her employer "grant[ed] her all the relief she could have obtained" before an evidentiary hearing, effectively mooting the case. *Id.*; *see also Prime Ins. Syndicate, Inc. v. Soil Tech Distribs.,* 270 F. App'x 962, 963 (11th Cir. 2008) (per curiam) (applying Florida law to hold that defendant was entitled to attorneys' fees where the

---

party" in the first appellate action. The Court granted the motion because the Eleventh Circuit's affirmance in the second appeal demonstrated that the first appeal would also have succeeded on the merits. *Id*. at 11-12.

6

case was dismissed for lack of subject matter jurisdiction, and not on the merits); *RABCO Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858-Orl-40KRS, 2018 U.S. Dist. LEXIS 227802, at *10 (M.D. Fla. Aug. 9, 2018) (same where case was dismissed for lack of personal jurisdiction); *Collins Condo. Ass'n v. Riveiro*, 348 So. 3d 8, 9 (Fla. Dist. Ct. App. 2022) (awarding attorney's fees to plaintiff where the case was voluntarily dismissed after defendant's actions rendered the lawsuit moot); *see also Nudel*, 60 So. 3d at 1164 (Fla. Dist. Ct. App. 2011).[3]

## II.    Other Requirements Under Fla. Stat. § 501.2105(1)

Brooksville also has met the other statutory requirements for prevailing party attorneys' fees under Fla. Stat. § 501.2105(1). First, a judgment has been entered in the case,[4] and Novo has not filed an appeal to date.[5] Section 501.2105(1) also provides that the prevailing party "may" receive attorneys' fees and costs, and thus entrusting

---

[3] Novo also cites federal cases in which the court declined to exercise supplemental jurisdiction as to the state law claims and declined to rule on fees. *Maale v. Kirchgessner*, No. 08-80131-CIV-DIMITROULEAS/S, 2011 U.S. Dist. LEXIS 43792 (S.D. Fla. Apr. 21, 2011); *Colceriu v. Barbary*, No. 8:20-cv-1425-MSS-AAS, 2022 U.S. Dist. LEXIS 140625 (M.D. Fla. June 8, 2022). Both cases are irrelevant here, since the Court has diversity jurisdiction over the FDUTPA claim. *See* ECF No. 187 at 13-14.

[4] Contrary to Novo's prior suggestions, § 501.2105(1) does not mention or require a "judgment on the merits." Florida jurisprudence makes clear that a merits determination is unnecessary for a fee award. The Eleventh Circuit has rejected a similar attempt to read an "on the merits" requirement into a different Florida statute requiring entry of judgment before an award of fees. *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs.*, 270 F. App'x 962, 964 (11th Cir. 2008). In any event, the Court held that Brooksville would have been entitled to summary judgment on two alternative grounds.

[5] In the event Novo files an appeal by July 30, 2025, Brooksville requests that the Court hold decision on the motion in abeyance rather than dismissing the motion without prejudice. *See* ECF No. 196 at 8.

7

the award of fees within the Court's discretion. Brooksville re-incorporates its briefing on the *Human Society* discretionary factors that Florida courts consult when awarding fees under FDUTPA, *see* ECF No. 191 at 7-14; ECF No. 196 at 3-8, which remain unaffected by the entry of amended judgment. Indeed, nothing in the amended judgment alters the crucial fact that Novo should have known its case was meritless (most definitely by the close of fact discovery) and should have dismissed the case as of December 30, 2024, yet chose to protract a litigation for five additional months which included costly expert discovery. Thus, the *Human Society* factors remain squarely in favor of an award of fees to Brooksville.

## **CONCLUSION**

For the reasons herein and in Brooksville's prior briefs, Brooksville respectfully requests that the Court grant Brooksville's Motion for Entitlement to Fees and Costs.

Dated: July 15, 2025

Respectfully Submitted,

By: /s/ Matthew J. Modafferi
Matthew J. Modafferi
Frier & Levitt, LLC
101 Greenwich Street, Ste 8B
New York, NY 10006
Tel: (646) 970-6882
Fax: (646) 524-5027
mmodafferi@frierlevitt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July 2025, I electronically filed the foregoing with using the CM/ECF System, which automatically sends a notice of electronic filing to all counsel of record.

*/s/ Matthew J. Modafferi*
Matthew J. Modafferi
