# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| NOVO NORDISK INC., <br><br> Plaintiff, <br><br> v. <br><br> BROOKSVILLE PHARMACEUTICALS INC., <br><br> Defendant. | Case No. 8:23-cv-1503-WFG-TGW <br> Judge William F. Jung <br> Magistrate Judge Thomas G. Wilson |

## NOVO NORDISK INC.'S MOTION TO EXTEND APPEAL DEADLINE UNDER RULE 58(E)

Plaintiff Novo Nordisk respectfully requests that the Court enter an order treating Defendant Brooksville Pharmaceuticals Inc.'s pending motion for attorney's fees as a motion under Rule 59, such that the appeal deadline for the Court's amended judgment dismissing this case without prejudice on mootness grounds runs from the Court's final disposition of Brooksville's pending fees motion. *See* Fed. R. Civ. P. 58(e). Because as it currently stands Novo does not plan to appeal the amended judgment if the Court determines that Brooksville is not a "prevailing party" and therefore is not entitled to fees, treating Brooksville's motion as a Rule 59 motion would avoid piecemeal appeals and may obviate the need for an appeal altogether. Such an order must issue before July 30, Novo's current deadline for filing of its notice of appeal. *See id.* ("the court may act before a notice of appeal has been filed and become effective"). Brooksville opposes the motion.

On June 30, 2025, the Court granted in part Novo Nordisk's Rule 59(e) motion to alter or amend the judgment. ECF No. 200. As a result, without further action by this Court, Novo Nordisk must file its notice of appeal of the amended judgment no later than July 30. *See* Fed. R. App. P. 4(a)(1)(A) (party must file a notice of appeal within 30 days after entry of the judgment or order appealed from); *id.* 4(a)(4)(A)(iv) (30-day appeal window runs from ruling on timely Rule 59 motion). The July 30 appeal deadline currently applies even though Brooksville's fees motion remains pending. *See, e.g.*, *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 179 (2014) ("[T]he pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal.").

This procedural posture presents a conundrum for Novo, because it does not plan to appeal the final judgment as amended if the Court determines that Brooksville is not entitled to fees. As amended, the judgment in this matter lacks preclusive effects and in Novo's view does not otherwise warrant a separate appeal. However, if this Court were to resolve the pending fees motion in Brooksville's favor, Novo would likely appeal that ruling *and* the amended judgment—given the overlap between the underlying claims and the fee issue. In short, Novo's decision regarding whether to appeal the amended judgment will be driven by this Court's resolution of the fees motion. But as the docket currently stands, Novo will be forced to appeal the Court's amended judgment on July 30 solely to preserve its option to appeal, without knowing the resolution of fees motion. *See, e.g.*, *Hunt v. City of Los Angeles*, 638 F.3d 703, 719

2

(9th Cir. 2011) (absent Rule 58(e) relief, appellant generally must file two appeals, one from the underlying judgment and a second from the fee award).

The solution to this problem is Rule 58(e), which allows a district court to "delay[] the running of the time to file an appeal until the entry of the order disposing of the fee motion." *Ray Haluch*, 571 U.S. at 187. Specifically, Rule 58(e) provides: "[I]f a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the [fees] motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 58(e).

These criteria are satisfied here. Brooksville filed a "timely motion for attorney's fees … under Rule 54(d)(2)," the only federal rule that permits such a motion. *See* Fed. R. Civ. P. 54(d)(2); *see also* Local Rule 7.01(b) (similar). And Novo Nordisk has filed the instant motion (and the Court may act) "before a notice of appeal has been filed and become effective." If the Court grants Novo's motion, then the fees motion will "have the same effect" for the purposes of the appeal deadline "as a timely motion under Rule 59"—*i.e.*, the new appeal deadline will be 30 days after the Court rules on the fees motion; *see also* Fed. R. App. P. 4(a)(4)(A)(iii) (providing that time to appeal runs from a motion "for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58").

Extending the appeal deadline would also further the interests underlying Rule 58(e), which was designed "to avoid a piecemeal approach in the ordinary run of cases where circumstances warrant delaying the time to appeal." *Ray Haluch*, 571 U.S. at

3

186–87.  Courts thus grant relief under Rule 58(e) where "[l]ittle purpose would be served by . . . having the Court's decisions . . . appealed piecemeal." *E.g.*, *Frommert v. Conkright*, 221 F. Supp. 3d 358, 360 (W.D.N.Y. 2016).[1]

## CONCLUSION

For the above reasons, this Court should grant Novo Nordisk's motion under Rule 58(e) such that the deadline to appeal from the amended final judgment runs from the Court's disposition of Brooksville's pending motion for attorney's fees.

---

[1] Further, there is no need to maintain the current July 30 appeal deadline solely due to FDUTPA's requirement that fees be awarded only after the exhaustion of appeals. *See* Fla. Stat. § 501.2105(1).  As Novo Nordisk has explained in opposing Brooksville's fees motion, this Court should promptly deny the fees motion because Brooksville is definitively not a "prevailing party" within the meaning of FDUTPA.  If Novo were to pursue an appeal in this matter, and if that appeal somehow rendered Brooksville a "prevailing party," then Brooksville could renew its fees motion on that basis.

## LOCAL RULE 3.01(G) CERTIFICATION

We hereby certify that counsel for Novo conferred with counsel for Brooksville via email, and Brooksville opposes the relief requested in this Motion.

Dated: July 22, 2025

Respectfully submitted,

By: /s/ *Jordan S. Cohen*
Jordan S. Cohen, Esquire
Florida Bar No. 551872
JCohen@wickersmith.com
WICKER SMITH O'HARA MCCOY
& FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353

Gregory L. Halperin (*admitted pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building,
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1166
ghalperin@cov.com

Michael X. Imbroscio (*admitted pro hac vice*)
Amee Frodle (*admitted pro hac vice*)
Alezeh Rauf (*admitted pro hac vice*)
Cara E. Souto (*admitted pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000

Facsimile: (202) 662-6291
mimbroscio@cov.com
afrodle@cov.com
arauf@cov.com
csouto@cov.com

Kurt G. Calia (*admitted pro hac vice*)
COVINGTON & BURLING LLP
3000 El Camino Real, 5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4700
kcalia@cov.com

***Attorneys for Plaintiff***
***NOVO NORDISK INC.***

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically send a notice of electronic filing to all counsel of record.

*/s/ Jordan S. Cohen*
Jordan S. Cohen