UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NOVO NORDISK, INC.,**

    Plaintiff,

v.   Case No. 8:23-cv-1503-WFJ-TGW

**BROOKSVILLE PHARMACEUTICALS INC.,**

    Defendant.
_____/

**ORDER**

Before the Court is Plaintiff Novo Nordisk, Inc.'s ("Novo Nordisk" or "Plaintiff") Motion to Extend the Appeal Deadline under Federal Rule of Civil Procedure 58(e).[1] Dkt. 206. Defendant Brooksville Pharmaceuticals, Inc.'s ("Brooksville" or "Defendant") has responded in opposition, Dkt. 208, and Novo Nordisk replied. Dkt. 209. Upon careful consideration, the Court denies Plaintiff Novo Nordisk's Motion to Extend the Appeal Deadline under Rule 58(e).

**PROCEDURAL BACKGROUND**

On May 12, 2025, the Court granted Defendant Brooksville's Motion for Summary Judgment (the "MSJ Order"). *See* Dkt. 187. In the MSJ Order, the Court

---

[1] The Court is unsure if Plaintiff is using the proper title for the instant Rule 58(e) motion. A motion to "extend" the appeal deadline is more closely associated with a motion under Federal Rule of Appellate Procedure 4(a)(5). On the other hand, another district court has indicated a Rule 58(e) motion is more akin to a "tolling motion" under Appellate Rule 4(a)(4). *See Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 131 F. Supp. 3d 1277, 1278 n.1 (N.D. Ala. 2015). Regardless, the Court uses the terms "extend" and "toll" interchangeably in this Order.

found Novo Nordisk's Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim to be moot. *Id.* at 25.

On May 27, 2025, Brooksville timely filed a Motion for Attorney Fees and Costs under FDUTPA, Fla. Stat. § 501.2105(1). *See* Dkt. 191 at 1. In the motion, Brooksville argues it is the "prevailing party" under FDUTPA. *Id.* at 7. However, on June 9, 2025, Novo Nordisk filed a Motion to Alter or Amend Judgment under Rule 59(e). *See* Dkt. 192.

On June 30, 2025, the Court granted in part Novo Nordisk's Rule 59(e) Motion to Alter or Amend the Judgment. *See* Dkt. 200. In the Rule 59(e) Order, the Court altered the judgment to a "dismissal without prejudice" based on the Court's previous finding that Novo Nordisk's FDUTPA claim was moot. *Id.* at 8–9. As a result, Novo Nordisk must file its notice of appeal of the amended judgment no later than July 30, 2025. *See* Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."); *see also* Fed. R. App. P. 4(a)(4)(A)(iv) (noting the 30-day appeal window runs from "the entry of the order disposing of" a timely Rule 59 motion to alter or amend the judgment). Importantly, the July 30, 2025, appeal deadline currently applies even though Defendant Brooksville's motion for fees and costs remains pending. *See* Fed. R. App. P. 4(a)(4)(A) (automatically tolling

2

the time to file a notice of appeal when any of the listed motions, except a motion for attorney's fees, are filed).

On July 22, 2025, Novo Nordisk filed the instant motion to extend the appeal deadline under Rule 58(e). *See* Dkt. 206. Novo Nordisk now contends the procedural posture of the current litigation puts Plaintiff in a "conundrum" because:

> [Novo Nordisk] does not plan to appeal the final judgment as amended if the Court determines that Brooksville is not entitled to fees. As amended, the judgment in this matter lacks preclusive effects and[,] in Novo's view[,] does not otherwise warrant a separate appeal. However, if this Court were to resolve the pending fees motion in Brooksville's favor, Novo would likely appeal that ruling *and* the amended judgment—given the overlap between the underlying claims and the fee issue. In short, Novo's decision regarding whether to appeal the amended judgment will be driven by this Court's resolution of the fees motion. But as the docket currently stands, Novo will be forced to appeal the Court's amended judgment on July 30 solely to preserve its option to appeal, without knowing the resolution of [the] fees motion.

*Id.* at 2. According to Novo Nordisk, "[t]he solution to this problem is Rule 58(e)," which allows this Court to "delay[] the running of the time to file an appeal until the entry of the order disposing of the fee motion." *Id.* at 3 (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 187 (2014)). The Court, however, declines Novo Nordisk's invitation to extend or delay the appeal deadline under Rule 58(e).

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(4)(A)(iii) provides that the running of the time to file a notice of appeal only begins "after the entry of the order disposing

3

of the last such remaining motion: . . . (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." Federal Rule of Civil Procedure 54(d)(2) allows a court to grant attorney's fees. Rule 58(e) states that "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Rule 59 provides for motions for a new trial and motions to alter or amend a judgment. *See* Fed. R. Civ. P. 59(b), (e). Put simply, a district judge can delay or extend the running of the time to file an appeal of a final judgment while a motion for attorney's fees is pending.

Importantly, the district court's decision to grant a Rule 58(e) motion is discretionary. *See Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 131 F. Supp. 3d 1277, 1279 (N.D. Ala. 2015) ("Tolling under Appellate Rule 4(a)(4)(A)(iii) . . . is discretionary."); *Hudson v. Pittsylvania County, Va.*, 774 F.3d 231, 235 (4th Cir.2014) (noting the district court has the discretion on whether to grant a Rule 58(e) motion); *cf.* 16A Charles Alan Wright, et al., *Federal Practice and Procedure* § 3950.4 (5th ed. 2023) ("But when presented with a proper motion under Civil Rule 58(e) the district court has discretion whether to enter such an order; and sometimes the court will prefer not to enter such an order—as when the fee issues are difficult

4

and the court prefers to hold them in abeyance to await the disposition of the appeal from the underlying judgment.").

Here, the Court denies Novo Nordisk's Rule 58(e) motion. While Rule 58(e) has numerous benefits, such as allowing the merits and fee award to be addressed simultaneously on appeal, preventing the piecemeal adjudication, and promoting judicial economy, the Court exercises its discretion to deny any further extension to the appeal deadline. The Court has already previously extended the appeal deadline when it granted (in part) Novo Nordisk's Rule 59(e) motion to alter or amend the judgment. *See* Dkt. 200; Fed. R. App. P. 4(a)(4)(A)(iv). Yet another 30-day extension to the appeal window could lead to piecemeal adjudication and wasted judicial resources.

First, as Brooksville correctly points out, FDUTPA explicitly states that the attorney's fees determination should be made after judgment and exhaustion of all appeals. *See* Fla. Stat. § 501.2105(1) ("[T]he prevailing party, after judgment in the trial court and *exhaustion of all appeals*, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party" (emphasis added)). As such, if Novo Nordisk decides to file an appeal in this case, the Court would be inclined to deny Brooksville's fee motion without prejudice, which is standard practice in this district. *See Novo Nordisk, Inc. v. Wells Pharmacy Network, LLC*, No. 5:23-CV-689-ACC-PRL, 2025 WL 1018422, at *3 (M.D. Fla. Apr. 4, 2025) ("Courts in the

5

Middle District of Florida have interpreted the plain language of Fla. Stat. § 501.2105(1) at face value and routinely denied motions for attorney's fees . . . under FDUTPA without prejudice, subject to renewal, if appropriate, following the conclusion of an appeal."). Indeed, the decision to deny a fee motion without prejudice would "preserve judicial resources, prevent piecemeal litigation of the issue of an award of attorneys' fees and costs, and promote the interests of efficiency and economy." *Id.* at *2 (citing *Pub. Risk Mgmt. of Fla. v. Munich Reinsurance Am., Inc.*, No. 8:18-CV-1449-MSS-AEP, 2021 WL 4393291, at *1 (M.D. Fla. July 9, 2021)). Thus, Novo Nordisk's request to use Rule 58(e) to resolve the pending attorney's fee motion now (before the exhaustion of all appeals) appears contrary to the plain language of Fla. Stat. § 501.2105(1).

Second, as the Eleventh Circuit teaches, the outcome of an appeal on the merits could affect whether one of the litigants is entitled to attorney's fees under FDUTPA.[2] *See M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994) ("Section 501.2105(1), which expressly includes the culmination of the appellate process in its definition of a prevailing party, clearly contemplates situations in which parties who prevailed at the trial level may be nonprevailing after the appellate process is exhausted. Were the law otherwise, parties who obtain

---

[2] Novo Nordisk previously made the same argument to this Court. *See* Dkt. 194 at 17–18 ("Because appeals are not exhausted, Novo does not concede that Brooksville is the prevailing party and, indeed, it ultimately might not be. It would therefore be premature to determine that Brooksville is entitled to fees and costs under FDUTPA at this stage.").

6

reversals of trial court judgments on appeal could be liable for the attorney's fees of parties who erroneously prevailed in trial court, a perverse result that the Florida legislature could not have intended."). The Eleventh Circuit's adjudication on the merits would undoubtedly guide this Court's determination on whether Brooksville is a "prevailing party" under Fla. Stat. § 501.2105(1). As such, denying Plaintiff's Rule 58(e) motion would preserve judicial resources, prevent piecemeal litigation on the issue of attorney's fees and costs under FDUTPA, and promote the interests of efficiency and economy.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff Novo Nordisk's Motion to Extend the Appeal Deadline under Federal Rule of Civil Procedure 58(e), Dkt. 206, is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida, on July 28, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**